Case 1:08-cv-01204 Document 1 Filed 02/28/2008 Page 1 of 6

AEE

FILED
FEBRUARY 28, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 1204

JUDGE ZAGEL
MAGISTRATE JUDGE VALDEZ

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| David Marsh, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| United Collection Bureau, Inc., | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, David Marsh, brings this action for damages against Defendant, United Collection Bureau, Inc., for its violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

## JURISDICTION AND VENUE

1. The jurisdiction of the Court is invoked as authorized by § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant attempted to collect a consumer debt from Plaintiff here.

## PARTIES

3. Plaintiff, David Marsh, is a citizen of the State of Illinois residing in the Northern District of Illinois from whom Defendant tried to collect a consumer debt.

4. Defendant, United Collection Bureau ("UCB"), is an Ohio corporation headquartered in Toledo, Ohio. UCB is a debt collector under § 1692a(6) of the FDCPA because it regularly collects debts owed or due, or asserted to be owed or due, to others.

1

## FACT ALLEGATIONS

5. On or about January 28, 2008, Marsh received a telephone call from a woman identifying herself as "Ms. Smith" of UCB who was trying to collect from Marsh an alleged debt she claimed Marsh owed to Citicard. This was UCB's first communication with Marsh. In this conversation, Marsh informed Ms. Smith he was represented by James Shedden of Schad, Diamond & Shedden, PC and that she should contact Mr. Shedden regarding this alleged debt.

6. On January 28, 2008, a woman identifying herself as "Ms. Smith" of UCB telephoned Marsh's attorney Shedden and left Shedden a message requesting that Shedden call her regarding Marsh.

7. Shedden returned Smith's call on January 28, 2008. During their conversation, Shedden informed Smith that his firm represented Marsh with respect to the alleged Citicard account on which Smith was trying to collect and in dealings with UCB.

8. Smith demanded that Shedden send her a power of attorney from Marsh regarding Shedden's representation of Marsh on the alleged Citicard debt. Shedden told Smith that he did not have a power of attorney and that the FDCPA does not require a power of attorney for her to speak with Shedden. Smith then told Shedden that she would not speak to him regarding Marsh's alleged Citicard debt without a power of attorney. Shedden reiterated that no power of attorney was needed, and informed Smith that if UCB contacted Marsh, UCB would be in violation of the FDCPA.

9. Shedden documented his January 28th conversation with Smith in a January 29, 2008 letter faxed to John Terry, the vice-president and general counsel of UCB, including Shedden's statements to Smith that the FDCPA does not require a power of attorney and that if UCB contacted Marsh, UCB would be in violation of the FDCPA. See Exhibit A. Shedden's

letter confirmed that his firm represented Marsh, and also disputed the validity of the alleged debt and demanded validation of the alleged debt.

10. On February 15, 2008, UCB sent Marsh a letter again attempting to collect the alleged debt. See Exhibit B. UCB sent this letter to Marsh despite having been told on three separate occasions that Marsh was represented in this matter by Shedden's firm.

11. As of the date of the filing of this Complaint, UCB has not responded to Marsh's demand for validation of the alleged debt, yet UCB has continued its efforts to collect the alleged debt.

**COUNT I**
**Violation of § 1692c of the FDCPA**

12. Marsh adopts and realleges the allegations contained in ¶¶ 1-11.

13. The FDCPA prohibits a debt collector from contacting a consumer directly once the debt collector knows the consumer is represented by an attorney with respect to an alleged debt and has knowledge of, or can readily ascertain, the attorney's name and address. See 15 U.S.C. § 1692c. The exceptions to this prohibition are when the attorney fails to respond to a communication from the debt collector within a reasonable period of time or if the attorney consents to the debt collector's direct communication with the consumer. See 15 U.S.C. § 1692c.

14. UCB knew that Marsh was represented by an attorney with respect to the alleged debt which UCB was trying to collect because UCB was informed on three separate occasions that Shedden's firm represented Marsh with respect to the alleged debt. See Exhibit A. Shedden also informed UCB that it would be in violation of the FDCPA if UCB contacted Marsh. See Exhibit A. After being informed of Shedden's representation of Marsh, UCB sent a letter to

Marsh in which UCB tried to collect the same alleged debt regarding which UCB knew Shedden represented Marsh.  See Exhibit B.

15. UCB's violation of § 1692c of the FDCPA renders it liable to Marsh for damages, costs and attorneys fees.  See 15 U.S.C. § 1692k.

## COUNT II
### Violations of § 1692g of the FDCPA

16. Plaintiff adopts and realleges the allegations in ¶¶ 1-15.

17. The FDCPA requires a debt collector, within five days of its initial contact with the consumer, to give the consumer written notice that the consumer has 30 days from receipt of the notice to demand that the debt collector provide proof of the alleged debt's validity.  See 15 U.S.C. § 1692g.  Once the consumer makes the demand, the debt collector must stop trying to collect the alleged debt until the debt collector produces the requested validation.  See 15 U.S.C. § 1692g.

18. In his January 29th letter to UCB, Shedden disputed the validity of the alleged debt which UCB was trying to collect from Marsh and demanded validation of the alleged debt.  See Exhibit A.  UCB has not provided any validation, but has continued to try to collect the alleged debt.  See Exhibit B.

19. UCB's violation of § 1692g of the FDCPA renders it liable to Marsh for damages, costs and attorneys' fees.  See 15 U.S.C. § 1692k.

## COUNT III
### Violation of § 1692e of the FDCPA

20. Marsh adopts and realleges the allegations in ¶¶ 1-19

21. The FDCPA prohibits a debt collector from making false representations in

connection with the collection of any debt. See 15 U.S.C. § 1692e.

22.     UCB, through its agent "Ms. Smith", falsely told Marsh's attorney that Marsh had to execute a power of attorney, which the attorney then had to send to UCB, in order for UCB to communicate with Marsh's attorney instead of with Marsh directly.

23.     This representation is false because the FDCPA does not require that a consumer provide his attorney with a power of attorney before a debt collector must cease communicating with the consumer and communicate instead with the consumer's attorney.

24.     UCB's violation of § 1692e of the FDCPA renders it liable to Marsh for damages, costs and attorneys' fees. See 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, David Marsh, prays that this Court:

a.     Enter judgment in favor of Plaintiff, and against UCB, for statutory damages, actual damages, costs and attorneys' fees;

b.     Enjoin UCB from attempting to collect the alleged debt and from reporting the alleged debt on Plaintiff's credit report; and

c.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff demands a jury trial on all claims.

David Marsh

  s/ Katherine A. Hathaway  
One of Plaintiff's Attorneys

Dated: February 28, 2008

James Shedden
Tony Kim
Katherine A. Hathaway (khathaway@lawsds.com; ARDC# 6283052)
Schad, Diamond & Shedden, PC
332 S. Michigan Avenue, Suite 1000
Chicago, Illinois  60604
(312) 939-6280